# EXHIBIT 3

                                                                              PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| In re Application of | : | Jason Sterne et al. |
| For | : | METHOD AND SYSTEM FOR USING A QUEUING DEVICE AS A LOSSLESS STAGE IN A NETWORK DEVICE IN A COMMUNICATIONS NETWORK |
| Serial No.: | : | 11/377,578 |
| Filed | : | March 17, 2006 |
| Art Unit | : | 2419 |
| Examiner | : | Hong Sol Cho |
| Att. Docket | : | ALC 3229 |
| Confirmation No. | : | 5342 |

## PRE-APPEAL BRIEF REQUEST FOR REVIEW

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

This is in response to the Final Office Action dated March 25, 2009 and further to the Notice of Appeal filed concurrently herewith.

Claims 1, 2, 4-10, 12-22, 24-30 and 32-36 are pending in the present application, of which claims 1, 9, 21, and 29 are independent. Applicant hereby requests review of the rejections in the above-identified application in view of the arguments presented in detail herein.

## REJECTION UNDER 35 U.S.C. § 103

On pages 2-4, the Office Action rejects claims 1, 2, 4-10, 12-18, 20-22, 24-30, and 32-36 under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Publication No. 2005/0185581 to Bradford et al. (hereinafter "Bradford") in view of U.S. Patent No. 7,408,876 to Gupta et al. (hereinafter "Gupta"). On page 4, the Office Action rejects claim 19 as being unpatentable over Bradford in view of Gutpa and further in view of U.S. Publication No. 2002/0163885 to Assa et al. (hereinafter "Assa"). Applicant respectfully traverses these rejections.

Claim 1 recites, in part, "sending a message <u>reporting the depth</u> of the queue to the <u>upstream device</u> to thereby <u>enable the upstream device to determine</u> whether to <u>increase the rate</u> at which it sends packets to the queuing device" (emphasis added). Independent claims 9, 21, and 29 contain similar recitations.

This subject matter was added by way of the Amendment filed on March 3, 2009. Support in the specification for this subject matter can be found in, for example, paragraphs [0027] and [0038]. As described in the specification, by sending the queue depth, rather than only reporting threshold crossing events, the queue depth monitoring system provides for error recovery in the event that it makes a mistake or that a message is lost or corrupted. See paragraph [0027].

The previous Office Action dated January 6, 2009, cited Bradford to reject the subject matter of claims 3, 11, 23, and 31, subject matter that is now recited in independent claims 1, 9, 21, and 29, as quoted above. In the rejection of

independent claims 1, 9, 21, and 29, the Office Action fails to address the language quoted above under 35 U.S.C. § 103(a). Rather, the Examiner addresses this subject matter in the "Response to Arguments" in section 4 on page 5.

In particular, the Office Action alleges that Gupta discloses this subject matter in Figure 8, elements 204 and 208 and Figure 10, elements 224 and 232. Applicant respectfully disagrees with this assertion. Figures 8 and 10 describe sending a congestion message to the ingress queue manager when the egress queue exceeds the upper threshold. See Gupta, Column 12, Lines 5-45. After receiving the congestion message, the ingress queue manager causes the ingress queue responsible for the congestion to slow down the rate at which packets are dequeued to the congested egress queues. Id.

In other words, the system of Gupta sends a message instructing the ingress queue to slow down the rate at which packets are dequeued, rather than sending a message reporting the depth of the egress queue and letting the ingress queue determine the appropriate action (i.e., whether to increase to decrease the rate of packets dequeued). Thus, the system of Gupta, by only sending threshold crossing events rather than actual queue depths, lacks the error recovery functionality described above.

In addition to the failure of Gupta to disclose, teach, or suggest this subject matter, the Office Action also fails to provide any reasoning regarding the purported obviousness of the independent claims. As the Supreme Court emphasized in *KSR*

*v. Teleflex*, 550 U.S. 398 (2007), "Rejections on obviousness cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." Here, the Response to Arguments section simply cites two figures of Gupta without providing any reasoning regarding the conclusion of obviousness.

To summarize, Applicant respectfully submits that the references of record fail to disclose, teach, or suggest "sending a message reporting the depth of the queue to the upstream device to thereby enable the upstream device to determine whether to increase the rate at which it sends packets to the queuing device," as recited in independent claim 1 and similarly recited in independent claims 9, 21, and 29. Furthermore, the Office Action fails to present articulated reasoning regarding the conclusion of obviousness.

For at least the foregoing reasons, the Final Office Action fails to present a *prima facie* case of obviousness for independent claims 1, 9, 21, and 29. Thus, Applicant respectfully submits that independent claims 1, 9, 21, and 29 are allowable.

Claims 2 and 4-8 depend from independent claim 1, claims 10 and 12-20 depend from independent claim 9, claims 22 and 24-28 depend from independent claim 21, and claims 30 and 32-26 depend from independent claim 29. Accordingly, claims 2, 4-8, 10, 12-20, 22, 24-28, 30, and 32-36 are allowable based at least upon their respective dependencies from allowable base claims. Therefore, Applicant

respectfully requests that the rejections of claims 1, 2, 4-10, 12-18, 20-22, 24-30, and 32-36 under 35 U.S.C. § 103(a) be withdrawn.

## CONCLUSION

While we believe that the instant pre-appeal brief request for review places the application in condition for allowance, should the Examiner have any further suggestions, it is respectfully requested that the Examiner contact the correspondence attorney listed below at the telephone number listed below in order to expeditiously resolve any outstanding issues.

In the event that the fees submitted prove to be insufficient in connection with the filing of this paper, please charge our Deposit Account Number 50-0578 and please credit any excess fees to such Deposit Account.

Respectfully submitted,
KRAMER & AMADO, P.C.

Date: April 7, 2009

Terry W. Kramer
Terry W. Kramer
Registration No.: 41,541

KRAMER & AMADO, P.C.
1725 Duke Street, Suite 240
Alexandria, VA 22314
Phone: 703-519-9801