# EXHIBIT 8

ATTORNEY DOCKET NO. 805792-US-NP                                    PATENT

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:          Joseph L. Smith

Serial No.:         12/649,606

Filed:              December 30, 2009

Title:              METHOD AND APPARATUS FOR REGULATING ROGUE
                    BEHAVIOR IN OPTICAL NETWORK TRANSMISSION DEVICES

Grp./A.U.:          2613

Examiner:           Dzung D. Tran

Confirmation No.:   5836


Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

> I hereby certify that this correspondence is being electronically filed
> with USPTO on: February 7, 2012 (Date)
> Elizabeth Schumacher
> (Printed or typed name of person signing the certificate)
> /Elizabeth Schumacher/
> (Signature of the person signing the certificate)


Sir:

### AMENDMENT UNDER 37 C.F.R. § 1.111

In response to the Office Action delivered November 9, 2011, the Applicants respectfully

present the following submission.

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

## IN THE CLAIMS:

1.      (Currently Amended) A method of regulating rogue behavior in an optical network component comprising an optical transmitter, the method comprising:

monitoring a selected optical transmitter output indicator during at least one monitoring window;

determining whether an output threshold has been exceeded during the at least one monitoring window;

setting a suspect rogue flag in a register, if it is determined that an output threshold has been exceeded; and

removing the suspect rogue flag from the register if it is determined that the output threshold was not exceeded in a monitoring window occurring after the suspect rogue flag has been set reading the register, by the optical network component, to determine if the suspect rogue flag has been set

2.      (Original) The method according to claim 1, wherein reading the register comprises a plurality of successive readings, each to determine if the suspect rogue flag has been set.

3.      (Original) The method according to claim 1, wherein the at least one monitoring window comprises a plurality of monitoring windows.

4.      (Cancelled)

2

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

5.      (Original) The method according to claim 1, further comprising determining whether to disable the optical transmitter.

6.      (Original) The method according to claim 5, further comprising generating a command to disable the optical transmitter.

7.      (Original) The method according to claim 5, wherein the optical network component is an ONT in a PON.

8.      (Original) The method according to claim 7, further comprising attempting to transmit a PON status request message from the ONT to an OLT prior to determining whether to disable the optical transmitter.

9.      (Original) The method according to claim 8, further comprising determining not to disable the optical transmitter if a reply to the status request message is received from the OLT indicating that the PON is functioning satisfactorily.

10.      (Original) The method according to claim 8, further comprising generating a command to disable the optical transmitter if no response is received from the OLT within a predetermined period of time.

11.      (Original) The method according to claim 8, further comprising, if a reply to the status request message is received from the OLT indicating that the PON is not functioning satisfactorily, transmitting a temporary disable message to the OLT and generating a command to temporarily disable the optical transmitter.

3

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

12.     (Original) The method according to claim 11, further comprising generating a command to disable the optical transmitter, after expiration of a disable period generating a command to enable the optical transmitter, and attempting to transmit a PON status update request message to the OLT.

13.     (Original) The method according to claim 1, wherein the optical transmitter comprises a laser and the selected optical transmitter output indicator is the LBC.

14.     (Original) The method according to claim 1, wherein the optical transmitter comprises a monitor photodiode and the selected transmitter output indicator is the MPC.

15.     (Currently Amended) Apparatus for regulating rogue behavior in an optical transmission device, comprising:

an output indicator monitor;

a register for storing a suspect rogue flag if the output indicator monitor detects that an output indicator threshold has been exceeded during a monitoring window;

a reader for reading the register to determine whether a suspect rogue flag has been set; and

a determiner for determining whether to disable the optical transmitter if a suspect rogue flag has been set; and

a timer for timing the duration between a temporary disable command and an enable command.

4

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

16.    (Original) The apparatus according to claim 15, further comprising a command generator for generating optical transmitter disable commands.

17.    (Cancelled)

18.    (Original) The apparatus according to claim 15, further comprising an optical transmitter comprising a laser, and wherein the output indicator monitor monitors a laser bias current.

19.    (Original) The apparatus according to claim 15, wherein the output indicator monitor monitors a monitor photodiode current.

20.    (Currently Amended) An ONT for use in a PON, the ONT comprising:

a network interface comprising an optical transmitter and an optical receiver;

a memory device comprising a register;

an output indicator monitor for monitoring at least one output indicator of the optical transmitter;

a reader for reading the register to determine whether a suspect rogue flag has been set by the output indicator monitor; and

a determiner for determining whether to disable the optical transmitter if a suspect rogue flag has been set, and

a timer for timing the duration between a temporary disable command and an enable command.

5

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

21.     (New) The apparatus according to claim 1, further comprising reading the register,

by the optical network component, to determine if the suspect rogue flag is set.

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

## REMARKS/ARGUMENTS

The Applicant has carefully considered this Application in connection with the Office Action and respectfully requests reconsideration of this Application in view of the foregoing amendment and the following remarks.

The Applicant originally submitted Claims 1-20 in the Application. In this submission the Applicant amends Claims 1, 15 and 20, and cancels Claims 4 and 17, without prejudice or disclaimer. The Applicant adds new Claim 21. This claim may be supported at least by, *e.g.* Claim 1 as filed. Accordingly, Claims 1-3, 5-16 and 18-21 are currently pending in the Application.

## I.      Allowable Subject Matter

The Applicant notes with appreciation that the Examiner has indicated that Claims 11, 12 and 17 include allowable subject matter. The Applicant amends Claim 15 to include the subject matter of Claim 17 thereby rendering Claims 15, 16, 18 and 19 allowable. The Applicant respectfully declines in this response to amend Claim 1 to include the subject matter of Claims 11 or 12.

## II.     Rejection of Claims 1-10, 13-16, and 18-20 under 35 U.S.C. § 103

The Office has rejected Claims 1-10, 13-16, and 18-20 under 35 U.S.C. §103(a) as being unpatentable over U.S. Patent No. 7,215,891 to Chiang, *et al*. ("Chiang") in view of U.S. Patent Publication No. 2010/0067901 to Mizutani ("Mizutani"). The Applicant respectfully traverses the rejection.

As set forth above, Claim 15 is amended to include the subject matter of Claim 17, thereby rendering claims 15, 16, 18 and 19 allowable. Therefore the rejection of Claims 15, 16 18 and 19 is moot.

7

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

The Applicant amends Claim 20 herewith to include the subject matter of Claim 17. The Applicant respectfully asserts that amended Claim 20 is allowable under the same reasoning given by the Office for the allowability of Claim 17, *mutatis mutandis.*

Claim 1 is amended herewith to include the subject matter of Claim 4, now cancelled. As amended, Claim 1 recites

the method comprising:
…
removing the suspect rogue flag from the register if it is determined that the output threshold was not exceeded in a monitoring window occurring after the suspect rogue flag has been set.

The Office purports that Chiang teaches the subject matter of Claim 4. (*See* Office Action, pages 3-4, citing Chiang, column 4, line 64 to column 5, line 31 and column 9, lines 4-19.) The Applicant does not recognize within the cited portions of Chiang the subject matter of Claim 4, and respectfully asserts than a close reading of these portions does not support the Offices allegation that the subject matter of Claim 4 is taught therein. The Office has provided no reasoned explanation that the various aspects discussed by Chiang in the cited portions may reasonably be interpreted to teach or suggest the subject matter of Claim 4. Indeed, the Office Action merely quotes the language of Claim 4 and cites the portions of Chiang that allegedly teach or suggest the subject matter. Thus, the Office Action provides nothing more than a conclusary rejection of Claim 4 in violation of the guidance provided by the Supreme Court. (*See KSR International Co v. Teleflex Inc,* 127 S.Ct. 1727, 1740-41, 550 USPQ2d 1385, xxxx (2007), citing *In re Kahn,* 441 F.3d 977, 78 USPQ2d 1329 (Fed. Cir. 2006). *See also* MPEP ¶ 2143.)) Furthermore, the Office has not cited Mizutani to cure the

8

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

deficiency of Chiang. Accordingly, the Office has not shown that the subject matter of Claim 4 is taught or suggested by the asserted combination.

While the procedural deficiencies cited above are sufficient to show the subject matter of Claim 4 is allowable, the Applicant respectfully asserts that this subject matter is not obvious over the combination of Chiang and Mizutani as the reference is applied by the Office. A stated purpose of Chiang is to identify an optical component in advance of failure so the component can be replaced before failure occurs. (*See, e.g.* Abstract.) In such a methodology, the Applicants do not recognize utility in first determining the optical component meets the criteria for advance replacement, and then reversing that determination. Indeed, one of ordinary skill in such circumstances would likely simply replace the optical component once it has been identified as being ready for replacement. Moreover, the Applicants do not find within the combination any recognition of a feature such as recited in Claim 4, nor does the Office identify within the references such a teaching or suggestion. Therefore, the Applicant respectfully asserts that amended Claim 1 is novel and nonobvious over the asserted combination.

The Applicant therefore respectfully asserts that Claim 1 as amended herewith is allowable. Claims 2, 3 and 5-14 are allowable at least because each depends from an allowable base claim. (*See* MPEP § 2143.03, citing *In re Fine*, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988).) Claims 15, 16 and 18-20 are allowable as set forth above. Accordingly, the Applicant respectfully requests that the Office issue a Notice of Allowance of Claims 1-3, 5-16 and 18-20.

Appl. No. 12/649,606
Reply to Examiner's Action dated November 9, 2011

### III.    New Claim 21

New Claim 21 is presented herewith for examination. The Applicant respectfully submits that this claim is allowable at least because it depends from an allowable base claim. Accordingly, the Applicant respectfully requests that the Office issue a Notice of Allowance of Claim 21.

### IV.    Conclusion

In view of the foregoing amendment and remarks, the Applicant now sees all of the Claims currently pending in this Application to be in condition for allowance and therefore earnestly solicits a Notice of Allowance for Claims 1-3, 5-16 and 18-21.

The Applicant requests the Examiner to telephone the undersigned attorney of record at (972) 480-8800 if such would further or expedite the prosecution of the present Application. The Commissioner is hereby authorized to charge any fees, credits or overpayments to Deposit Account 082395.

Respectfully submitted,

HITT GAINES, P.C.

Andrew R. Ralston
Registration No. 55,560

Dated: February 7, 2012

P.O. Box 832570
Richardson, Texas  75083
(972) 480-8800

10